840 F.2d 11
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
LAKE TOXAWAY PROPERTY OWNERS ASSOC., INC.; Donna Archer;
Robert E. Archer; Sanford S. Atwood; John H. Birdsall;
Robert W. Brady; James R. Breedlove; John P. Brown, Jr.;
Jack Carter; E.R. Castle; H.C. Colvin; Donald G. Cooke;
Elizabeth S. Fogarty; Ray Fogarty; James D. Goodloe; W.E.
Gwatkin; Graeme Hunter; Samuel H. Huston; Emil M. Laird;
Forrest B. Lindley; A. Lindquist; Adelaide C. Lloyd; G.
Stanley Logan; Compere Loveless; Jack R. Mace; Mary Jane
Mace; Joe Marquette; Alfred L. Marston; James B. Meigs,
Jr.; Jane P. Meigs; Julia Mercer; James W. Mueller;
William L. Parker; Harry C. Payne, Jr.; Donna Qualmann;
Raymond C. Qualmann; John Reinman; Beverly C. Richard;
Warren P. Richard; Rundlett Brewster; Henry K. Ruschmeyer;
Rosebud C. Samuel; Edith M. Swartz; Gilbert L. Swartz;
Helen S. Thomas; E.A. Thompson; Vela Trapnell; Dale V.
Warner, Plaintiffs,
v.
LAKE TOXAWAY DEVELOPMENT CORP., Defendant-Appellant
Peter L. Battista, Jr.; Linda J. Battista, Defendant-Appellees,
and
Lake Toxaway Co., Defendant,
Reginald D. Heinitsh, Sr.; Beaulah R. Heinitsh; Phillip
Connor; Leroy G. Appell; Jane Marie Appell, Defendants.
 No. 87-3066.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 7, 1986.
Decided: Feb. 12, 1988.
 
 Martin Karl Reidinger (S. Jerome Crow; Adams, Hendon, Carson, Crow & Saenger, P.A., on brief), for appellants.
 James Ervin Creekman (Creekman & Carpenter, on brief), for appellees.
 Before DONALD RUSSELL, K.K. HALL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from the district court's grant of a motion under Federal Rule of Civil Procedure 60(a) by defendants-appellees, Peter and Linda Battista, requesting that the court correct nunc pro tunc a clerical error in that court's Memorandum of Decision and Judgment entered in this case on August 23, 1983.
 
 
 2
 The chief contention of Lake Toxaway Development Corporation (LTD) on appeal is that the district court, in correcting its August, 1983 Memorandum of Decision and Judgment, has resolved a dispute that was in fact never before that court in 1983. The 1983 Memorandum and Judgment, which addressed various aspects of a multiple party, multiple complaint lawsuit over a parcel of land, sought to decide all issues between the parties, including cross-claims that had been asserted by the parties. LTD asserted a cross-claim against the Battistas and the resolution of that claim was an issue before the district court. There was no cross-claim by the Battistas against LTD. However, when the district court entered its final order, disposing of all issues in the case, it described the cross-claim which was before it for decision as one by the Battistas against LTD rather than one by LTD against the Battistas. The obvious error in the district court's order for judgment did not surface until much later. At that point the Battistas moved the district court under Fed.R.Civ.P. 60(a) to correct the judgment to show that the cross-claim decided by the court was that asserted by LTD against the Battistas. The district court, after a full hearing found that the transposition of the parties in the resolution of LTD's cross-complaint against the Battistas was a clerical error and ordered the judgment corrected to declare the grant of judgment in favor of the Battistas on LTD's cross-complaint against the Battistas. The error in the judgment is clear on the record, and we affirm the decision of the district court on its well-reasoned opinion. Lake Toxaway Property Owners Association, Inc., et al. v. Lake Toxaway Co., et al., A-C-82-322 (W.D.N.C., April 16, 1987).
 
 
 3
 AFFIRMED.